# EXHIBIT "A"

**RECEIVED**
**NOV 03 2016**
**LAW OPERATIONS**

Service of Process

Date: 11-3-16

Time: 15:40

Served by: S. Matarazzo

Accepted By: Jessica L. Alcea
(Print Name)

Signature: [signature]

**Received**
**NOV 03 2016**
**HIPAA Member Rights Team**

## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | Callagy Law, PC | |
| Office Address | 650 From Road - Suite 565 | |
| Town, State, Zip Code | Paramus, NJ 07652 | |
| Telephone Number | (201) 261-1700 | |
| Attorney(s) for Plaintiff | Michael Gottlieb, Esq. | |

Evan O'Brien, M.D. o/a/o Janayre G.

Plaintiff(s)

Vs.
Aetna Inc.

Defendant(s)

## Superior Court of New Jersey

Gloucester **COUNTY**
LAW **DIVISION**

Docket No: GLO-L-1261-16

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*s/ Michelle Smith*
Clerk of the Superior Court

DATED: 11/02/2016

Name of Defendant to Be Served: Aetna, Inc.

Address of Defendant to Be Served: 151 Farmington Avenue, Hartford, CT 06156

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

```
GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY.         NJ 08096
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 853-3232
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:    OCTOBER 18, 2016
                        RE:      OBRIEN MD VS AETNA
                        DOCKET:  GLO L -001261 16

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID W. MORGAN

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    102
AT:  (856) 853-3454.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: MICHAEL GOTTLIEB
                                   CALLAGY LAW
                                   650 FROM ROAD  SUITE 565
                                   PARAMUS          NJ 07652


JUHISA1
```

Appendix XII-B1



| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: ☐CK ☐CG ☐CA  CHG/CK NO.  AMOUNT:  OVERPAYMENT:  BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Michael Gottlieb, Esq. | (201) 261-1700 | Gloucester |
| FIRM NAME (if applicable) | | DOCKET NUMBER (when available) |
| Callagy Law, PC | | GLO-L-1261-16 |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| 650 From Road Suite 565 Paramus, NJ 07652 | | Complaint |
| | | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Evan O'Brien, M.D. o/a/o Janayre G. | Evan O'Brien, M.D. o/a/o Janayre G. v. Aetna, et al. |

| CASE TYPE NUMBER (See reverse side for listing) 599 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING? ☐ YES ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

RECEIVED & FILED
OCT 17 2016
SUPERIOR COURT OF NJ
GLO.COUNTY CIVIL PART

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *(signature)*

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ Putative Class Action    ☐ Title 59

CALLAGY LAW, P.C.
Michael Gottlieb, Esq. (Bar No. 07592-2013)
Samuel S. Saltman, Esq. (Bar No. 90240-2012)
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Telephone: (201) 261-1700
Facsimile: (201) 549-6236
Email: mgottlieb@callagylaw.com

*Attorneys for Plaintiff, Dr. Evan O'Brien, M.D.*

| | |
|---|---|
| Evan O'Brien, M.D. on assignment of Janayre G., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: GLOUCESTER COUNTY |
| Plaintiff, | DOCKET NO.: GLO-L- 1261 - 16 |
| v. | CIVIL ACTION |
| AETNA     Defendant. | **COMPLAINT** |

Plaintiff, Even O'Brien, M.D., on assignment of Janayre G., by way of its Complaint against Defendant, Aetna, alleges as follows:

### THE PARTIES

1. At all relevant times, Plaintiff Evan O'Brien, M.D. ("Plaintiff") was a healthcare provider in the County of Gloucester, State of New Jersey.

2. Upon information and belief, Defendant Aetna ("Defendant") is primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and was present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

1

## ANATOMY OF THE CLAIM

3. This dispute arises from Defendant's refusal to properly reimburse Plaintiff for the medically necessary and reasonable services provided to Defendant's participant or insured, Janayre G.

4. On or about July 6, 2012, Plaintiff provided medically necessary and reasonable services to Janayre G. ("Patient").

5. Specifically, Patient underwent, among other procedures, cervical discectomies at the C5-C6 and C6-C7 levels. See Exhibit A attached hereto.

6. Plaintiff obtained an assignment of benefits from Jane D. in order to bring this claim under the Employee Retirement Income Security Act of 1974, 29 USC §1002, *et seq.* ("ERISA"). See Exhibit B attached hereto.

7. Plaintiff prepared a Health Insurance Claim Form ("HICF") formally demanding reimbursement in the amount of $110,540.00 for the medically necessary services rendered to Patient. See Exhibit C attached hereto.

8. Defendant, however, paid only $3,867.60 for the above referenced treatment. See Exhibit D attached hereto.

9. Plaintiff engaged in the applicable administrative appeals process maintained by Defendant. See Exhibit E attached hereto.

10. Further, Plaintiff requested, among other items, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor. See Id.

11. To date, Defendant has failed to provide the requested summary plan description.

12. Upon information and belief, Defendant is the Claims Administrator for Patient's applicable Plan.

13. Taking into account any known deductions, copayments and coinsurance, this resulted in an underpayment of $106,672.40.

14. Accordingly, Plaintiff brings this action for breach of contract, recovery of the outstanding balance, Defendants' breach of fiduciary duty and co-fiduciary duty, and Defendants' failure to establish/maintain a reasonable claims procedure.

## COUNT ONE

### BREACH OF CONTRACT

15. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-14 of this Complaint and incorporates same by reference thereto.

16. Patient was entitled to payment of health benefits from Defendants pursuant to a health Plan administered by Defendants.

17. Patient assigned that right to payment of health benefits to Plaintiff.

18. Plaintiff filed a claim for payment of those health benefits.

19. Upon information and belief, Defendants have failed to make full payment of the health benefits Patient. and Plaintiff are entitled to under the Plan or Policy.

20. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

    a. For an Order directing Defendants to pay to Plaintiff $106,672.40;

    b. For an Order directing Defendants to pay to Plaintiff all benefits Plaintiff would be entitled to pursuant the Plan or Policy issued or administered by Defendants;

    c. For compensatory damages and interest;

    d.    For attorneys' fees and costs of suit; and

    e.    For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

21.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-20 of this Complaint and incorporates same by reference hereto.

22.    Plaintiff avers this Count to the extent ERISA governs this dispute.

23.    Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a Plan.

24.    Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

25.    Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

26.    Plaintiff is entitled to recover benefits due to Patient. under any applicable ERISA Plan and Policy.

27.    Upon information and belief, Defendants have failed to make payment pursuant to the controlling Plan or Policy.

28.    As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a.    For an Order directing Defendants to pay to Plaintiff $106,672.40;

    b.    For an Order directing Defendants to pay to Plaintiff all benefits Patient. would be entitled to pursuant the Plan or Policy issued by Defendant;

    c.    For compensatory damages and interest;

    d.    For attorneys' fees and costs of suit; and

    e.    For such other and further relief as the Court may deem just and equitable.

## COUNT THREE

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 .S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a)

29. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-28 of this Complaint and incorporates same by reference hereto.

30. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

31. Plaintiff seeks redress for Defendants' breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

32. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

33. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents

5

and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

34. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

35. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a)

36. Here, when Defendants acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendants acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

37. Here, Defendants breached its fiduciary duties by:

1. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

2. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

6

3. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

4. Wrongfully withholding money belonging to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.    For an Order directing Defendants to pay to Plaintiff $106,672.40;

    b.    For an Order directing Defendants to pay to Plaintiff all benefits Francis W. would be entitled to pursuant the Plan or Policy issued by Defendants for CPT Codes 64632;

    c.    For compensatory damages and interest;

    d.    For attorneys' fees and costs of suit; and

For such other and further relief as the Court may deem just and equitable

## COUNT FOUR

## FAILURE TO ESTABLISH/MAINTAIN REASONABLE CLAIMS PROCEDURES UNDER 29 C.F.R. 2560.503-1

38. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-37 of this Complaint and incorporates same by reference hereto.

39. Plaintiff avers this Count to the extent ERISA governs this dispute.

40. 29 C.F.R. 2560.503-1 requires every employee benefit plan establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

41. In particular, 29 C.F.R. 2560.503-1 requires that if a claim for benefits is denied in whole or in part, the administrator of every employee benefit plan shall provide written notice of the determination within 90 days after receipt of the claim by the plan.

7

42.  29 C.F.R. 2560.503-1 further provides that in the event that a claim for benefits is denied, the written notice of the benefit determination must communicate, *inter alia*, <u>**in a manner calculated to be understood by the person claiming benefits:**</u> (1) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

43.  29 C.F.R. 2560.503-1 further provides that every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

44.  In the case at bar, the employee benefit plan from which Plaintiff claimed benefits did not establish and maintain, in its actual operation of the Plan, procedures that ensured that all relevant time limits and appeal procedures were communicated to the person claiming benefits.

45.  As a consequence of Defendants' failure to provide, in a manner calculated to be understood by the person claiming benefits, including Plaintiff as the beneficiary, and written notice of all relevant time limits and appeals procedures of the Plan in connection with its adverse benefit determination rendered to Plaintiff, the Plan has failed to comply with the Claims Procedures requirements of 29 C.F.R. 2560.503-1.

46.  29 C.F.R. 2560.503-1 further provides that in the event an employee benefit plan fails to establish <u>or</u> follow claims procedures that comply with that regulation, the person claiming benefits shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of ERISA on

8

the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. For an Order that Defendants have not established and maintained claims procedures that comply with 29 C.F.R. 2560.503-1, and that as a result Plaintiff is deemed to have exhausted all required administrative remedies;

b. For compensatory damages and interest;

c. For attorneys' fees and costs of suit; and

d. For such other and further relief as the Court may deem just and equitable.

## TRIAL COUNSEL DESIGNATION

Michael Gottlieb, Esq., is hereby designated as Trial Counsel in the above matter.

## R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

None.

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

None.

Dated: Paramus, New Jersey
October 11, 2016

                              Respectfully submitted,

                              CALLAGY LAW, P.C.

By: _____
        Michael Gottlieb, Esq.
        Mack-Cali Centre II
        650 From Road, Suite 565
        Paramus, New Jersey 07652
        Telephone:  (201) 261-1700
        Facsimile:  (201) 549-8408
        Email:  mgottlieb@callagylaw.com

*Attorneys for Plaintiff, Dr. Evan O'Brien, M.D.*